**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------

HIMELDA MENDEZ, on behalf of herself and all : 
others similarly situated, :
            :
          Plaintiffs, :
            :
                  v. :
            :
APPLE INC., :
            :
          Defendant. :

**Case No. 1:18-cv-07550**

--------------------------------------------------------------

---

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000
(212) 310-8007 (fax)

*Attorneys for Apple Inc.*

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ...................................................................................................1

BACKGROUND ........................................................................................................................3

ARGUMENT .............................................................................................................................4

    I.    Standard of Review.................................................................................................4

    II.   Plaintiff Lacks Standing to Bring Her ADA Claim Because She Fails to Properly Plead an "Injury in Fact"..................................................................6

    III.  Plaintiff Lacks Standing to Bring Her State and City Law Claims Because She Fails to Properly Plead an "Injury in Fact"...................................................9

    IV.  Plaintiff Fails to Plead Facts Sufficient to State a Claim for Various Forms of Relief Sought Under New York State and City Law.........................................10

CONCLUSION........................................................................................................................13

## TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Amidax Trading Grp. v. S.W.I.F.T. SCRL*,
   671 F.3d 140 (2d Cir. 2011)....................................................................................4, 7

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009).......................................................................................4, 5, 6, 9

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)...............................................................................................5, 6

*Bemis v. New York State Div. of Human Rights*,
   809 N.Y.S.2d 274 (3d Dep't 2006).............................................................................10

*Chauca v. Abraham*,
   89 N.E.3d 475 (N.Y. 2017).........................................................................................11

*Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*,
   790 F.3d 411 (2d Cir. 2015)..........................................................................................6

*EEOC v. Port Auth. of N.Y. & N.J.*,
   768 F.3d 247 (2d Cir. 2014)......................................................................................5, 6

*Feltzin v. Stone Equities, LLC*,
   2018 U.S. Dist. LEXIS 22870 (E.D.N.Y. Feb. 8, 2018).............................................8, 9

*Feltzin v. Triangle Props. #1, LLC*,
   2016 U.S. Dist. LEXIS 192861 (E.D.N.Y. Dec. 15, 2016) ........................................8, 9

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*,
   528 U.S. 167 (2000)..................................................................................................6, 7

*Friends of Falun Gong v. Pac. Cultural Enter., Inc.*,
   288 F. Supp. 2d 273 (E.D.N.Y. 2003) ........................................................................12

*Hayden v. Paterson*,
   594 F.3d 150 (2d Cir. 2010)...........................................................................................5

*Kreisler v. Humane Soc'y of New York*,
   2018 WL 4778914 (S.D.N.Y. Oct. 3, 2018) (Schofield, J.) ........................................9

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992).......................................................................................................6

*Ortiz v. Westchester Med. Ctr. Health Care Corp.*,
   2016 WL 6901314 (S.D.N.Y. Nov. 18, 2016) (Roman, J.) ....................................................10

*Panzica v. Mas-Maz, Inc.*,
   2007 WL 1732123 (E.D.N.Y. June 11, 2007) ........................................................................10

*Spokeo, Inc. v. Robins*,
   136 S. Ct. 1540 (2016) ...................................................................................................6, 7, 9

**Statutes**

N.Y.C. ADMIN. CODE, tit. 8, Ch. 1, § 8-127  ...............................................................................11

N.Y. CIVIL RIGHTS L. § 40 ..........................................................................................................12

N.Y. CIVIL RIGHTS L. § 41 ..........................................................................................................12

N.Y. CIVIL RIGHTS L. § 40-c ......................................................................................................12

N.Y. CIVIL RIGHTS L. § 40-d ......................................................................................................12

N.Y. EXEC. L. § 297.............................................................................................................10, 11

iii

Defendant Apple Inc. ("Apple" or "Defendant") respectfully submits this memorandum of law in support of its motion under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Plaintiff Himelda Mendez's ("Plaintiff") Class Action Complaint ("Complaint").  *See* Ex. A to Declaration of Gary D. Friedman in Support of Defendant's Motion to Dismiss the Complaint, dated November 12, 2018.

## PRELIMINARY STATEMENT

Plaintiff's Complaint is literally one of *over four hundred* nearly identical complaints Plaintiff's counsel filed in New York federal courts during the past year alleging that various companies' websites violate the Americans with Disabilities Act ("ADA") because they fail to comply with certain website accessibility guidelines.  *Plaintiff herself* is a party to over 40 of these complaints,[1] and Judge Sullivan, from whom this case was transferred, was assigned over 20 such complaints from Plaintiff's counsel alone.[2]  Indeed, the Complaint is little more than a cut and paste job from among the hundreds of other complaints filed by Plaintiff's counsel with virtually no consideration for the details of Apple's website.  Moreover, Plaintiff fails to allege any injury resulting from Apple's purported non-compliance.  The Complaint's lack of specificity is all the more confounding because Plaintiff has had unfettered access to Apple's

---

[1] *See, e.g.*, *Mendez v. Regal Cinemas, Inc.*, Case No. 18-cv-08160 (S.D.N.Y. Sept. 6, 2018) (Koeltl, J.); *Mendez v. Yogurt City Inc.*, Case No. 18-cv-08052 (S.D.N.Y. Sept. 4, 2018) (Koeltl, J.); *Mendez v. Steinway & Sons*, Case No. 18-cv-08053 (S.D.N.Y. Sept. 4, 2018) (Schofield, J.); *Mendez v. Faust Harrison Pianos, Inc.*, Case No. 18-cv-08054 (S.D.N.Y. Sept. 4, 2018) (Caproni, J.);  *Mendez v. Tao Group, LLC*, Case No. 18-cv-08055 (S.D.N.Y. Sept. 4, 2018) (Woods III, J.); *Mendez v. Vuarnet Inc.*, Case No. 18-cv-08056 (S.D.N.Y. Sept. 4, 2018) (Carter, J.)

[2] The press has extensively covered these voluminous, copycat court filings.  *See, e.g.*, http://www.nydailynews.com/new-york/ny-metro-ada-blind-website-accessibility-20180913-story.html; https://www.nbcnewyork.com/news/local/New-York-Spike-Frivolous-American-Disabilities-Act-Lawsuits-Report-ADA-Title-III-478082393.html.

1

publicly available website, yet still has not pled with the specificity required to withstand a motion to dismiss.  While the Complaint contains a laundry list of "common" access barriers on generic "non-compliant websites"—most of which Plaintiff does not allege are actual barriers on Apple's website—Plaintiff utterly fails to connect any specific access barrier to a specific injury she has suffered.  Thus, Plaintiff lacks Article III standing to bring this action, and this Court lacks jurisdiction to hear her ADA claim and her claims under New York State and New York City laws.  Additionally, Plaintiff has failed to plead facts sufficient to state a claim for the numerous other forms of relief she seeks under New York State and New York City law.

For these reasons, and as discussed in detail below, Apple respectfully asks the Court to dismiss all of Plaintiff's claims for lack of standing because of her failure to plead a particularized injury.  In the alternative, Apple asks the Court to (1) dismiss Plaintiff's claim for civil fines, penalties, compensatory damages, and attorneys' fees under the New York State Human Rights Law ("NYSHRL"); (2) dismiss Plaintiff's claim for civil penalties and punitive damages under the New York City Human Rights Law ("NYCHRL"); and (3) dismiss Plaintiff's claim for relief under New York State Civil Rights Law ("NYSCRL") §§ 40 and 41. Importantly, in an attempt to avoid burdening the Court with the instant motion, Apple's counsel sent detailed letters to Plaintiff's counsel, which cited relevant legal authority and identified specific pleading deficiencies, on September 26, 2018 (four-page letter), and again on October 26, 2018 (four-page letter), in an attempt to get them to address the pleading deficiencies by either withdrawing the action or amending the Complaint.  Plaintiff and Plaintiff's counsel refused to do so.  As a result, Apple respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice.

## **BACKGROUND**

Apple is, among other things, a manufacturer of innovative technology and electronics that offers its products and services for sale both on its website—www.apple.com (the "Website")—and through physical retail stores located throughout the United States.  Compl. ¶¶ 21-22, 24.  Through Apple's Website, customers may shop for and purchase a wide range of products, locate Apple's physical stores, and schedule service appointments for Apple's products.  *Id.* ¶ 24.

Plaintiff is a visually impaired individual residing in New York City who uses screen-reading software to access information found on the internet.  *Id.* ¶¶ 11-12, 26.  For screen readers to function properly, websites must be coded in such a way as to allow the screen reader to translate the visual images on the website into text that a screen reader vocalizes for the user, or display the information on a refreshable Braille display.  *Id.* ¶¶ 16, 18.

The World Wide Web Consortium, an international website standards organization, publishes website accessibility standards for visually impaired users known as the Web Content Accessibility Guidelines.  *Id.* ¶ 19.  Version 2.0 of these standards is known as "WCAG 2.0."  *Id.* ¶ 19.  Plaintiff alleges that the Website violates Title III of the ADA, the NYSHRL, the NYCHRL, and the NYSCRL because it does not meet the WCAG 2.0 standards.[3]  *Id.* ¶¶ 55, 68, 78, 93. Plaintiff seeks to certify a nationwide class, as well as New York State and New York City subclasses, of "all legally blind individuals . . . who have attempted to access [Apple's] Website

---

[3] As the Court is undoubtedly aware, the Department of Justice ("DOJ") has not adopted the WCAG 2.0 guidelines as an appropriate standard for ADA website accessibility claims.  As far back as 2010, the DOJ had promised to provide greater clarity regarding website accessibility standards; however, it has yet to issue guidance on whether companies are required to use the WCAG 2.0 standard in order to comply with Title III of the ADA.  For purposes of this motion, however, Apple assumes WCAG 2.0 is the governing standard for this action.

and as a result have been denied access to the equal enjoyment of goods and services offered in [Apple's] physical locations, during the relevant statutory period." *Id.* ¶¶ 41-43.

Plaintiff asserts that she is proficient in using the software "Job Access With Speech" ("JAWS"), "currently the most popular, separately purchased and downloaded screen-reading software program available for a Windows computer." *Id.* ¶¶ 17, 26.  She alleges that she "visited the Website on separate occasions using the JAWS screen-reader." *Id.* ¶ 26.  According to Plaintiff, she last visited the Website at some time "in August 2018" where she allegedly encountered "multiple access barriers that denied Plaintiff full and equal access to the facilities, goods and services offered to the public[.]" *Id.* ¶ 27.  Plaintiff alleges that she was "unable to learn more information about store locations and hours, [did not have] the ability to browse and purchase electronics . . . [and did not have] the ability to make service appointments online, and related goods and services." *Id.* ¶ 27.  The Complaint lists "[c]ommon barriers encountered by blind and visually impaired persons," most of which Plaintiff does not allege are actual barriers on *Apple's* Website. *Id.* ¶¶ 20, 28.  The only barriers Plaintiff alleges she encountered with respect to Apple's Website are: (1) "Lack of Alternative Text ('alt-text')"; (2) "Empty Links That Contain No Text"; (3) "Redundant Links"; and "Linked Images Missing Alt-text." *Id.* ¶ 28.

## ARGUMENT

### I.     Standard of Review

Courts in the Second Circuit review a facial challenge to a court's jurisdiction under Rule 12(b)(1) using the same standard applied in a motion to dismiss for failure to state a claim under Rule 12(b)(6).  *See Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011) (stating in a case involving "a facial attack to the court's jurisdiction" that to survive a "Rule 12(b)(1) motion to dismiss, [the plaintiff] must allege facts that affirmatively and plausibly

4

suggest that it has standing to sue") (citations omitted).  Mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice to survive a motion to dismiss under Rule 12(b)(6).  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Rather, "a complaint must contain *sufficient factual matter*, accepted as true, to 'state a claim to relief that is *plausible* on its face.'"  *Iqbal*, 556 U.S. at 678 (emphases added; quoting *Twombly*, 550 U.S. at 570).  To survive a motion to dismiss, a complaint must do more than proffer "an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.* at 679.  Rather, all conclusory allegations must first be pared from the complaint, and then, the court must review the complaint's remaining allegations to determine whether the well-pleaded factual allegations "plausibly" (not merely conceivably) entitle the plaintiff to relief.  *Id.* at 678-79; *see also Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010) (explaining *Iqbal*'s "'two-pronged approach' to evaluat[ing] the sufficiency of a complaint").

The Second Circuit has confirmed that the *Iqbal/Twombly* standard requires that a claim be dismissed unless a court can "draw the reasonable inference that the defendant is liable for the misconduct alleged."  *EEOC v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 253 (2d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).  "Contrary to [the abandoned] 'no-set-of-facts' standard [from *Conley v. Gibson*, 355 U.S. 41 (1957)], which requires only that a complaint not *preclude* the viability of claims, *Twombly* and *Iqbal* require that a complaint *support* the viability of its claims by pleading sufficient nonconclusory factual matter to set forth a claim that is plausible on its face."  *Id.* (citing *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678) (emphases in original).  Reviewing a complaint for plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 258 (quoting *Iqbal*, 556 U.S.

at 679).  If a complaint lacks sufficient factual allegations to raise a plaintiff's claims "above the speculative level," the claims must be dismissed as a matter of law.  *Id.* at 257 (quoting *Twombly*, 550 U.S. at 555).

## II.     Plaintiff Lacks Standing to Bring Her ADA Claim Because She Fails to Properly Plead an "Injury in Fact"

The Court should dismiss Plaintiff's ADA claim because Plaintiff fails to satisfy her burden to make a basic threshold showing that she has suffered an injury in fact sufficient to confer Article III standing.[4]  *See, e.g.*, *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) ("The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements [of Article III standing].") (citation omitted); *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 416-17 (2d Cir. 2015) ("A district court properly dismisses an action under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction if the court 'lacks the statutory or constitutional power to adjudicate it.'") (citation omitted).

To satisfy Article III's standing requirement, a plaintiff must sufficiently plead that "(1) [she] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167, 180-81 (2000).  "A harm is "particularized" if it "affect[s] the plaintiff in a personal and individual way." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560,

---

[4] Furthermore, it is dubious as to whether Plaintiff has satisfied her separate Rule 12(b)(6) obligations to plead sufficient factual allegations to raise her ADA claim "above the speculative level" as required under the Supreme Court's holdings in *Twombly* and *Iqbal*.  *See, e.g.*, *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555; *EEOC*, 768 F.3d at 253-58.

n.1 (1992).  An injury is "concrete" if it is "*de facto*;" that is, it must actually exist rather than being only "abstract."  *Spokeo*, 136 S. Ct. at 1548.  In *Spokeo*, the plaintiff brought a class action alleging a technical violation of the Fair Credit Reporting Act, but failed to allege an injury in fact.  *Id.* at 1550.   In addressing the absence of any alleged injury, the Supreme Court held that a party does not "automatically satisf[y] the injury-in-fact-requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right."  *Id.* at 1549.  This is precisely the case with the Complaint at bar, as Plaintiff alleges that Apple's website technically does not comply with WCAG 2.0 guidelines, and yet utterly fails to allege an injury in fact.

To satisfy the *Spokeo* requirements in the instant case, Plaintiff would have to allege that Apple's website contains access barriers that caused Plaintiff a "concrete and particularized" injury.  *See, e.g., Friends of the Earth*, 528 U.S. at 180-81.  This, Plaintiff utterly fails to do.  The Complaint refers to four generic alleged access barriers on Apple's website: (1) "Lack of Alternative Text ('alt-text')"; (2) "Empty Links That Contain No Text"; (3) "Redundant Links"; and "Linked Images Missing Alt-text[.]"  Compl. ¶ 28.  Importantly, these *exact same allegations* appear in literally dozens of other copycat lawsuits filed by Plaintiff and her counsel.

Plaintiff, however, not only fails to identify which specific portions of Apple's website contain these alleged barriers, but also fails to link any of these alleged barriers to any *specific* injury that Plaintiff purportedly suffered.  Rather, Plaintiff makes threadbare conclusory allegations that are insufficient to withstand a Fed. R. Civ. P. 12(b)(1) motion.  *See, e.g., Amidax*, 671 F.3d at 145-46 (holding that a court "need not 'credit a complaint's conclusory statements'" when considering whether a plaintiff has alleged facts sufficient to support standing).  For example, Plaintiff does not provide any specific dates when she allegedly visited the Website.

7

She does not identify a single product she actually intended to purchase, but was "injured" when unable to do so because of any particular barrier.  Plaintiff also fails to identify any single portion of Apple's Website that should have had "alt-text" but did not, or contained "empty links," "redundant links," or "linked images missing 'alt-text,'" much less specify how any of the alleged issues *resulted in an injury*.  Moreover, the Complaint does not identify any instance in which Plaintiff attempted to visit a physical Apple store, but was unable to find the location or business hours, much less tether the alleged encounter to a specific access barrier that resulted in an injury.  Furthermore, the Complaint contains no allegation that Plaintiff ever tried to make a service appointment for any particular product but could not do so because of the Website's alleged barriers.  Plaintiff does not even allege that she owns an Apple product that would require service.  *See, e.g.*, *Feltzin v. Stone Equities, LLC*, 2018 U.S. Dist. LEXIS 22870 at *26 (E.D.N.Y. Feb. 8, 2018) (dismissing claims under Title III of the ADA where the plaintiff failed to plead an injury in fact with specificity, holding that the plaintiff lacked standing to bring the suit); *Feltzin v. Triangle Props. #1, LLC*, 2016 U.S. Dist. LEXIS 192861, at *13-17 (E.D.N.Y. Dec. 15, 2016) (same).

The closest Plaintiff comes to providing any specificity regarding the alleged barriers are the threadbare allegations that Plaintiff was "unable to learn more information about store locations and hours, the ability to browse and purchase electronics, such as the iPhone, iPad and Macbook Pro laptop, the ability to make service appointments online, and related goods and services."  Compl. ¶ 27.  Such conclusory allegations unconnected to any of the alleged barriers Plaintiff encountered are insufficient to confer Article III standing and this Court should dismiss Plaintiff's ADA claim in its entirety.  *Feltzin*, 2016 U.S. Dist. LEXIS 192861, at *14-16 (granting a motion on the pleadings in a Title III ADA case noting that allegations that

conditions at a mall "'impaired [plaintiff's] ability to park safely at the premises, to use the restrooms safely and to access goods and services at the premises' are simply too conclusory to establish standing").

Plaintiff's failure to (a) identify any specific portion of the Website with the alleged barriers; (b) identify any product or service Plaintiff intended to purchase, but could not due to an alleged barrier; and/or (c) articulate how the alleged barriers harmed her, are fatal to her attempt to establish Article III standing necessary for her claims. *See Feltzin*, 2016 U.S. Dist. LEXIS 192861 at * 14-15 ("Plaintiff provides no additional information concerning either the[] alleged encounters or any resulting injuries. In fact, Plaintiff provides no details at all concerning any instance in which he allegedly encountered a violation."); *Feltzin*, 2018 U.S. Dist. LEXIS 22870 at *26 (recommending the district court grant a judgment on the pleadings in a Title III ADA case, noting that "although Plaintiff lists thirteen alleged ADA violations . . . conspicuously absent [from the complaint] are facts explaining *how* Plaintiff interacted with and experienced violations") (emphasis in original). Plaintiff wholly fails to allege any facts that would allow the Court to infer the nature of the alleged harm, or how that harm is traceable to Apple's conduct, sufficient to raise her claim for relief above a speculative level. *Spokeo*, 136 S. Ct. at 1548; *Iqbal*, 556 U.S. at 679. Absent allegations of a causal connection between the alleged access barriers and an actual injury, Plaintiff has deprived the Court of subject matter jurisdiction and the Court must dismiss Plaintiff's ADA claim.

## III.    Plaintiff Lacks Standing to Bring Her State and City Law Claims Because She Fails to Properly Plead an "Injury in Fact"

For the reasons stated above, because the same legal standards governing standing under the ADA apply to the NYSHRL, the NYCHRL, and the NYSCRL, Plaintiff's remaining claims are equally doomed and the Court should dismiss the Complaint in its entirety, with prejudice.

9

*Kreisler v. Humane Soc'y of New York*, 2018 WL 4778914, at *6, *8 & n.5 (S.D.N.Y. Oct. 3, 2018) (Schofield, J.) (granting dismissal with respect to alleged ADA violations on the basis that the issue was moot, and concluding, "[f]or the same reasons," that the plaintiff "also lack[ed] standing to challenge the restroom and water fountain under the NYCHRL") (citation omitted); *Ortiz v. Westchester Med. Ctr. Health Care Corp.*, 2016 WL 6901314, at *9 (S.D.N.Y. Nov. 18, 2016) (Roman, J.) (dismissing the plaintiffs' claims for injunctive relief under the NYSHRL after concluding that their allegations "fall short of establishing standing to seek injunctive relief under the ADA . . . because the same legal standards govern the disability provisions of the ADA . . . and NYSHRL"); *Panzica v. Mas-Maz, Inc*., 2007 WL 1732123, at *2 n.1 (E.D.N.Y. June 11, 2007) (stating, prior to finding that the plaintiff lacked standing for not suffering an injury-in-fact, that "[c]laims for disability discrimination arising under the New York State Human Rights Law or the New York Civil Rights Law § 40-c are governed by the same legal standards as federal ADA claims") (citations omitted).

## IV.     Plaintiff Fails to Plead Facts Sufficient to State a Claim for Various Forms of Relief Sought Under New York State and City Law

Even if the Court finds that Plaintiff has alleged an injury in fact (she has not), the Court should grant Apple's motion in part under Rule 12(b)(6) because Plaintiff still fails to state a claim for several forms of relief she seeks under the NYSHRL, NYCHRL, and NYSCRL. While Plaintiff seeks civil penalties and fines under the NYSHRL (Compl. ¶¶ 69.), such relief is payable only to the state, and cannot be recovered by Plaintiff as a matter of law.  N.Y. EXEC. L. § 297(4)(c)(vi) (providing for "civil fines and penalties … to be paid to the state by a respondent found to have committed an unlawful discriminatory act").  Nor can Plaintiff recover the compensatory damages she seeks under the NYSHRL, Compl. ¶ 69, as she fails to allege the pecuniary loss or emotional injuries resulting from the alleged discrimination that would be

required to obtain such relief.  *See Bemis v. New York State Div. of Human Rights*, 809 N.Y.S.2d 274, 277 (3d Dep't 2006).  This is unsurprising as she failed to allege any injury in fact as discussed *supra* at pages 6-10.  Finally, Plaintiff may not recover the attorneys' fees she seeks under the NYSHRL, Compl. ¶ 70, as such relief is limited to claims for housing and housing-related credit discrimination, or employment or credit discrimination on the basis of sex, none of which is at issue in this case.  N.Y. EXEC. L. § 297(10).

Plaintiff also fails to state a claim for the civil penalties and punitive damages she seeks under the NYCHRL.  *See* Compl. ¶ 94.  Similar to its state counterpart, civil penalties under the NYCHRL are payable only to the city, and are thus not recoverable by individual claimants like Plaintiff.  N.Y.C. ADMIN. CODE, tit. 8, Ch. 1, § 8-127(a) ("Any civil penalties recovered pursuant to this chapter shall be paid into the general fund of the city.").  Additionally, to be entitled to punitive damages under the NYCHRL, a defendant must have "engaged in discrimination with willful or wanton negligence, or recklessness, or a 'conscious disregard of the rights of others or conduct so reckless as to amount to such disregard.' " *Chauca v. Abraham*, 89 N.E.3d 475, 481 (N.Y. 2017) (citation and footnote omitted).  Indeed, punitive damages under the NYCHRL are available only for "gross misbehavior" and "may only be awarded for exceptional misconduct."  *Id*. at 479.  Plaintiff has alleged nothing more than the passing, conclusory assertion of "willful intentional discrimination" on the part of Apple, Compl. ¶ 90, and has failed to plead facts showing that Apple engaged in "conduct having a high degree of moral culpability which manifests a conscious disregard of the rights of others or conduct so reckless as to amount to such disregard." *Id.* at 479 (citation omitted).  Pleading intentional discrimination alone clearly does not satisfy the standard set out by the Court of Appeals in *Chauca.  See id.*  Because Plaintiff has failed to plead even the proper standard under the

11

NYCHRL—let alone any facts to support such a putative claim—she has failed to state a claim for punitive damages under the NYCHRL.  *See id.* (rejecting an approach that would "mandate a holding that 'a punitive damages charge is automatic on a finding of liability,'" and explaining that punitive damages "are intended to address 'gross misbehavior' or conduct that 'wilfully and wantonly causes hurt … to another'") (citation omitted).

Finally, Plaintiff appears to seek relief under two distinct substantive provisions of the NYSCRL, only one of which protects against discrimination in one's civil rights based on disability.  Plaintiff quotes from N.Y. Civil Rights Law § 40, *id.* ¶ 74, which does not apply to disabilities, but instead protects against discrimination in public accommodation solely "on account of race, creed, color or national origin."  Plaintiff then quotes from § 41, the provision providing remedies for violations of § 40.  ¶ 79.  Because Plaintiff alleges discrimination only on account of disability, and not race, creed, color, or national origin, she fails to state a claim under § 40 of the NYSCRL, and is therefore not entitled to relief under § 41.  *Friends of Falun Gong v. Pac. Cultural Enter., Inc.*, 288 F. Supp. 2d 273, 285 n.5 (E.D.N.Y. 2003), *aff'd sub nom.*, *Friends of Gong v. Pac. Culture*, 109 F. App'x 442 (2d Cir. 2004) ("Plaintiffs cite § 41 of the Civil Rights Law as the section which creates the private right of action against any person who violates § 40–c. However, § 41 refers only to violations of §§ 40, 40–a, 40–b, or 42. As plaintiffs cite only a violation of § 40–c, § 40–d is the applicable section here.") (internal citation omitted).[5]

---

[5] Plaintiff also references § 40-c(2) of the NYSCRL, Compl. ¶ 75, which protects against discrimination in one's civil rights based on disability, and its corresponding remedies provision, § 40-d, *id.* ¶ 80.  It is not even clear that § 40-d of the NYSCR applies to a corporate entity like Apple, as this provision applies only to a "*person* who shall violate any of the provisions of the foregoing section" (emphasis added).  One need look only to the substantive provision at issue in

## **CONCLUSION**

For the foregoing reasons, Apple respectfully requests that the Court issue an Order dismissing Plaintiff's Complaint in its entirety for lack of jurisdiction under Rule 12(b)(1) for Plaintiff's failure to allege an injury in fact.  In the alternative, Apple asks the Court to dismiss Plaintiff's claims for (1) civil fines, penalties, compensatory damages, and attorneys' fees under the NYSHRL; (2) civil penalties and punitive damages under the NYCHRL; and (3) relief under NYSCRL §§ 40 and 41.

Dated:   New York, New York
             November 12, 2018

Respectfully submitted,

/s/ Gary D. Friedman
Gary D. Friedman
A. Millie Warner
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000
gary.friedman@weil.com

*Attorneys for Defendant Apple Inc.*

---

this case, § 40-c(2), to see the clear distinction the legislature made between a "person" and a "firm, corporation or institution."

13