UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



HIMELDA MENDEZ, on behalf of
herself and all others
similarly situated,

                Plaintiffs,

-against-

APPLE INC.,

                Defendant.

18 Civ. 7550 (LAP)

ORDER

LORETTA A. PRESKA, Senior United States District Judge:

    Plaintiff Himelda Mendez ("Plaintiff") brings this class action against Apple Inc. ("Defendant") alleging violations of the Americans with Disabilities Act ("ADA"), the New York State Human Rights Law, the New York State Civil Rights Law, and the New York City Human Rights Law.  Plaintiff is legally blind and makes her discrimination claim based on an allegation that Defendant has denied her full and equal access to its website, and as a result, its physical stores.  Defendant has moved to dismiss the claims under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  For the reasons discussed below, the Defendant's motion is granted.

    I.   FACTS

    Plaintiff Himelda Mendez is a visually-impaired and legally blind person who needs screen-reading software to perceive website content using her computer.  (Complaint (Compl.), dated

Aug. 19, 2018 [dkt. no. 1] at ¶ 2). Defendant Apple Inc. is an electronics manufacturer and retailer that operates physical stores, as well as a website. (Compl. at ¶ 21).

Plaintiff visited Defendant's website on separate occasions using screen-reading software. (Id. at ¶ 26). During her visits to the website, Plaintiff alleges she encountered multiple access barriers. (Id. at ¶ 27). The Complaint identifies four alleged barriers: 1) "Lack of Alternative Text", 2) "Empty Links That Contain No Text", 3) "Redundant Links", and 4) "Linked Images Missing Alt-text". (Id. at ¶ 28). These barriers allegedly denied Plaintiff full enjoyment of the facilities, goods, and services of Defendant's physical locations by preventing her from accessing information about store locations and hours and inhibiting her ability to browse and purchase electronics, as well as her ability to make service appointments online. (Id.)

II. LEGAL STANDARD

Under Rule 12(b)(1), a party may move to dismiss claims for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A plaintiff asserting subject matter jurisdiction has the burden of proving that it exists by a preponderance of the evidence. See Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). "[I]n resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district

court . . . may refer to evidence outside the pleadings." See Makarova, 201 F.3d at 113 (citing Kamen v. Am. Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d Cir. 1986)).

To survive a defendant's Rule 12(b)(1) motion to dismiss, a plaintiff must allege facts that affirmatively and plausibly suggest that he or she has standing to sue. Amidax Trading Grp. v. S.W.I.F.T. SCRL, 671 F.3d 140, 145 (2d Cir. 2011). That is because under Article III of the Constitution, federal courts can resolve only "cases" and "controversies". U.S. Const. art. III § 2. To establish standing "a plaintiff is constitutionally required to have suffered (1) a concrete, particularized, and actual or imminent injury-in-fact (2) that is traceable to defendant's conduct and (3) likely to be redressed by a favorable decision." Amidax Trading Grp., 671 F.3d at 145.

III. DISCUSSION

    a. Federal Claims

Plaintiff bears the burden of establishing the elements of standing because she invokes federal jurisdiction by bringing a claim under the ADA. 42 U.S.C. 1281 et seq.; Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016). She has not met this burden because she has not pleaded an injury in fact.

The Complaint boils down to Plaintiff's allegation that general and systemic barriers on Defendant's website prevented her both from accessing goods and services on the website, as

3

well as accessing goods and services in Defendant's physical stores. (Compl. at 8-10).

There are no injuries in fact pleaded because the purported injuries described lack all the requisite specificity. Cf. Lawrence Feltzin v. Triangle Properties #1, LLC, 14-CV-5131 at 10 (E.D.N.Y. Dec. 15, 2016) (finding that plaintiff provided "no details at all concerning any instance in which he allegedly encountered a violation," relying on plaintiff's failure to list any particular businesses he frequented or in which he encountered a violation). Plaintiff does not give a date that she tried to access the physical store or what good or service she was prevented from purchasing. She does not identify sections of the website she tried to access but could not. Finally, while general barriers are listed, she does not allege which one of them prevented her from accessing the store.

In response to Defendant's arguments, Plaintiff says that she suffered a concrete injury and points to a date, now July 2018,[1] that she last tried to access the website and encountered barriers. (Plaintiff's Memorandum Of Law In Opposition To Defendant's Motion to Dismiss ("Pl. Opp."), dated Dec. 3, 2018 [dkt. no. 19], at 10). Plaintiff points to her "thwarted efforts to use the subject website to browse for products, and

---

[1] This date is inconsistent with the date listed in the Complaint, August 2018. (Compl. at ¶ 27).

4

relevant information." (Id.) This leads Plaintiff to make the interesting claim that she was "unable to independently determine what information is contained within the Website." (Plaintiff's Memorandum Of Law In Response To Defendant's Motion To Dismiss Plaintiff's Complaint ("Pl. Sur Rep."), dated Dec. 31, 2018 [dkt. no. 21-1], at 12).

The argument goes that "because disabled plaintiffs are not required to attempt to enter a physical store that is inaccessible, it is logical that Plaintiff does not need to detail a specific circumstance in which she attempted to do so." (Id. at 13-14). The unstated but logical conclusion of the Plaintiff's argument is that because in the digital world the legally blind cannot know what they are being denied access to, the pleading standard for injuries in fact is more lenient.

Plaintiff's argument relies on the "futile gesture" language of the ADA. The ADA says that an individual with a disability does not have to "engage in a futile gesture if such person has actual notice that a person or organization covered by this subchapter does not intend to comply with its provisions." 42 U.S.C. § 12188(a)(1). This Circuit has not settled upon a clear definition of "actual notice," but the majority of cases suggests that the plaintiff must personally witness the alleged accessibility issue. Lowell v. Lyft, Inc., 352 F. Supp. 3d 248, 255 (S.D.N.Y. 2018). As the court in

5

Lowell noted, however, "[u]nlike accessibility conditions in a building, an individual cannot personally observe the objectionable conditions in Defendant's service without downloading the application, requesting [the service], and being refused." Lowell, 352 F. Supp. 3d at 256.

The Court does not accept an analogy to Lowell or Plaintiff's argument because she overstates the difficulty of pleading the requisite injury. Defendant is not selling an obscure product from a hidden bunker; Plaintiff is clearly aware of Defendant's physical stores and products. In Lowell, plaintiff made bi-monthly trips to New York City from Westchester County and used defendant's transportation services to do so. Lowell, 352 F. Supp. 3d at 252. No such facts are alleged here.

If Plaintiff wanted one of Defendant's products or services at a particular date but was frustrated by Defendant's barriers, surely she could have pointed to something more specific than what is given. For instance, when Plaintiff says she could not make a service appointment (Compl. at ¶ 27), she could have alleged that she actually owned a device that she wanted to have serviced. This is not to say that there is a "customer" requirement as Plaintiff construes it citing to PGA Tour, Inc. v. Martin, 532 U.S. 661, 679 (2001), but rather speaks to the

vagueness of the Complaint.  Device servicing generally is contingent on device ownership or possession.

Plaintiff cites to a number of cases that are easily distinguishable.  In Gathers v. 1-800-Flowers.com, Inc., 2018 WL 839381 (D. Mass. Feb. 12, 2018), the district court found an injury in fact was pleaded when plaintiffs could not locate and read error messages, encountered pictures of items for sale without matching written descriptions, and were unable to locate where to input payment information to complete an online purchase.  Gathers v. 1-800-Flowers.com, Inc., No. 17-CV-10273-IT, 2018 WL 839381, at *4 (D. Mass. Feb. 12, 2018).

The complaint in Gathers contains all sorts of detailed factual allegations.  For instance, one plaintiff "attempted to order Fancy Floral Popcorn Tins" but was unable to locate the appropriate field to enter his payment information.  (Amended Complaint, dated May 5, 2017 [dkt. no. 20 in 17-CV-10273], at 11.  The same plaintiff tried to purchase a "Hammered Silver Cross Necklace" but could not use his screen reader program to exit the registration process.  (Id. at 11).  He entered an incorrect credit card number but was not prompted to correct the information.  (Id.)  Another plaintiff who wanted to buy flowers for his family and friends was unable to do so because, among other things, multiple buttons on the website were missing proper labels, which prevented the plaintiff from knowing the

7

next steps after clicking the button. (Id. at 9). This is all to say that the Amended Complaint in Gathers reads like Balzac when compared with the instant Complaint.

Plaintiff cites to Bernstein v. City of New York, 621 F. App'x 56 (2d Cir. 2015) and Kreisler v. Second Ave. Diner Corp., 731 F.3d 184, 186-87 (2d Cir. 2013), which are equally unavailing. In Bernstein, the Court of Appeals reviewed a determination that the plaintiff had not sufficiently pleaded that the City of New York failed to comply with the ADA by failing to make Central Park accessible to the legally blind. Bernstein, 621 F. App'x at 57. While the court found that the allegations were "not a model of specificity," it concluded that the injury alleged was personal and not generalized for standing purposes. Bernstein, 621 F. App'x at 58. The plaintiff alleged that he could not enter Central Park on his own and had to rely on strangers to cross streets, pathways, or ramps in the Park. Id. He pointed to a particular place, i.e., Central Park, and particular things he was not able to do, e.g., cross streets. The allegations, which the court noted were on the skimpier side, were still more than Plaintiff's Complaint here.

Kreisler is equally inapposite. In that case, there was a particular "seven to each-inch step" that prevented plaintiff's access to a diner. Kreisler, 731 F.3d at 186. Plaintiff in that case alleged that he passed by the diner three to four

times a week and would have attempted to enter were there an indication that the diner was accessible. Id. There was a specific barrier to a specific diner that was encountered at numerous, specified times. Again, this is much more specific than the instant Complaint.

Accordingly, Plaintiff's federal claims are dismissed for a lack of standing.

### b. State and City Claims

Plaintiff's New York State and City claims are governed by the same standing requirements as the ADA. Kreisler v. Humane Soc'y of New York, 2018 WL 4778914, at *6, *8 n.5 (S.D.N.Y. Oct. 3, 2018) (finding a lack of standing under the ADA and for the same reasons under the New York State Human Rights Law and New York City Human Rights Laws); Panzica v. Mas-Maz, Inc., 2007 WL 1732123, at *2 n.1 (E.D.N.Y. June 11, 2007) ("Claims for disability discrimination arising under the New York State Human Rights Law or New York Civil Rights Law § 40-c are governed by the same legal standards as federal ADA claims.") Plaintiff concedes that federal and state standing requirements are governed by the same legal standards. (Plaintiff's Memorandum Of Law In Response To Defendant's Motion To Dismiss Plaintiff's Complaint, dated Dec. 31, 2018 [dkt. no. 21], at 15); see also Graves v. Finch Pruyn & Co., 457 F.3d 181, 184 n.3 (2d Cir. 2006).

The Court has found that Plaintiff lacks standing under the ADA. Accordingly, the Court finds that Plaintiff lacks standing on her state and city claims. They, too, are dismissed.

CONCLUSION

There is nothing inherently wrong with filing duplicative lawsuits against multiple defendants if the harms to be remedied do exist and are indeed identical. But those who live by the photocopier shall die by the photocopier. By failing specifically to assert any concrete injury, Plaintiff's claims fail as a matter of law.

Defendant's motion to dismiss [dkt. no. 14] is granted, Plaintiff's motion to submit a sur-reply [dkt. no 21] is denied as moot, and the Clerk of Court is directed to mark this action closed and all pending motions denied as moot.

SO ORDERED.

Dated: New York, New York
March 28, 2019

*Loretta A. Preska*
LORETTA A. PRESKA
Senior United States District Judge